IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ROY CORRIE, | ) | |
| | ) | |
| Plaintiff, | ) | No. 13 C 6362 |
| v. | ) | |
| | ) | Judge Robert W. Gettleman |
| RHODA DAVIS SWEENEY; COOK COUNTY, ILLINOIS; JOHN/JANE DOES 1-99, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Roy Corrie has brought a three-count pro se complaint against defendants Rhoda Davis Sweeney, in her official and individual capacities as Circuit Court of Cook County Judge, and Cook County, Illinois ("defendants") alleging that he was denied his due process rights while appearing as a party before Judge Sweeney in a suit against his former attorney.[1] Plaintiff contends that Judge Sweeney did not allow plaintiff to put on his case, therefore violating his constitutional rights. Plaintiff alleges that he: (1) was not allowed to question the defendant in front of the court, (2) was not provided a court appointed reporter, and, overall, (3) was prevented from putting on the trial he desired. Count I alleges that plaintiff was denied his due process rights in violation of 42 U.S.C. § 1983. Count II alleges the same. Count III alleges intentional infliction of emotional distress due to the denial of plaintiff's constitutional rights.

A court may dismiss an action sua sponte for lack of subject-matter jurisdiction, and "[s]ua sponte 12(b)(6) dismissals are permitted, provided that a sufficient basis for the court's

---

[1] Plaintiff asserts claims against John/Jane Does 1-99, whom he claims are individuals, companies or corporations which cannot be determined at this time but may have caused damage to plaintiff. Because the complaint makes no further allegations regarding these individuals, they are dismissed from the suit.

action is evident from the plaintiff's pleading." Ledford v. Sullivan, 105 F.3d 354, 356 (7th Cir. 1997); accord, e.g., Apostol v. Landau, 957 F.2d 339, 342–343 (7th Cir. 1992) (same).Although plaintiff is proceeding pro se, "'[a]t some point, our solicitous treatment of pro se litigants must be trumped by our concern with the rights of Defendants to be free of scandalous, repetitive, and baseless claims that undoubtedly drain their financial and emotional resources.'" Hass v. RICO Enterp., No. 03–8695, 2004 WL 1385837, at *6 (N.D.Ill. June 18, 2004) (quoting Sato v. Kwasny, No. 93–0037, 1993 WL 460842, at *3 (N.D.Ill. Nov.5, 1993)).

All counts are predicated upon defendant Sweeney's actions in the courtroom. Judicial immunity, however, protects judges from all civil liability for judicial acts committed in the exercise of their jurisdiction. Stump v. Sparkman, 435 U.S. 349 (1978); see, e.g., Forrester v. White, 484 U.S. 219 (1988). A judge is shielded by judicial immunity if "at the time he took the challenged action he had jurisdiction over the subject matter before him." Stump, at 356. Further, a judge will not be held liable for actions that were erroneous, malicious or in excess of her authority. Id. A judge receives absolute immunity from suit if her actions meet a two-part test: "first, the acts must be within the judge's jurisdiction; second, these acts must be performed in the judge's judicial capacity." John v. Barron, 897 F.2d 1387, 1391 (7th Cir. 1990) (citing Stump, 435 U.S. at 356).

Here, Judge Sweeney clearly had jurisdiction over plaintiff's case. Judge Sweeney's decision to advise or even scold plaintiff during the presentation of his case does not make Judge Sweeney civically liable because she took these actions in her judicial capacity. None of Judge Sweeney's actions as described in the complaint fall outside of judicial immunity protection.

For these reasons, plaintiff has not established a <u>prime facie</u> case for a violation of his constitutional rights, and this court dismisses the complaint with prejudice.

**ENTER:** October 28, 2013

_____
**Robert W. Gettleman
United States District Judge**